EBENEZER S. EGGLESTON v. KENT CIRCUIT JUDGE.

*Leave to file exceptions to special findings—Laches.*

Mandamus to compel a court to allow the filing of exceptions to special findings, was *denied* where no motion for leave to do so had been made until nearly two years after the findings had been filed and judgment rendered thereon, and the judge who had heard the case and entered judgment had gone out of office,

Mandamus. Submitted Jan. 17. Denied Feb. 27.

*E. S. Eggleston* in person, for relator.

*Godwin & Earle* for respondent.

MARSTON, J. This is an application for a mandamus commanding the respondent to enter an order in a certain cause giving the relator leave to file exceptions to the findings of the court therein.

It appears that an action was commenced April 26, 1878,

by Return Strong against Augustus D. Griswold and relator; that said cause was tried at the October term, 1878, and that on the 29th day of May, 1880, a written finding of the facts and law was filed by the court, and judgment rendered thereon the same day against the defendants.

The relator shows that he had no notice of the filing of such findings or rendition of judgment thereon, until about the 11th day of April, 1882, and that he thereupon caused a motion to be made asking leave to make and file exceptions, which was denied. The relator also shows that he had made examinations and inquiry and could not learn that any judgment had been entered, there being no calendar entry thereof, and that he was not present in court when said judgment was rendered.

The return shows that the judge of said circuit at the time said cause was tried and judgment rendered, ceased to hold that position on the 1st day of January, 1882.

We are of opinion that the writ should not issue. In view of the time allowed to elapse after the judgment was rendered, and the change which has taken place in the court, the relator has not made such a showing of diligence on his part as would entitle him to the relief asked for.

It is not often that a case is permitted to sleep so long without inquiry being made to ascertain its status, and although the relator might not have succeeded in ascertaining the condition of the cause by making inquiry in one direction, still there were other channels open to which he ought to have resorted.

The writ must be denied with costs.

GRAVES, C. J. and COOLEY, J. concurred.